IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S. Owl Feather-Gorbey,<br><br>                              Plaintiff,<br><br>vs.<br><br>Assistant Warden Crickard; Commissary Staff Duerk; Counselor Platts; Nurse Chambers; Nurse Ulmer; Unit C-B Team Mansfield; Officer Mastro; Lt. Barnett; Lt. Shaffield; C Unit Manager Smith; Counselor CA Levant; Warden Mackelburg; the United States, U.S. DOJ D.C.,<br><br>                              Defendants. | C/A No. 0:20-cv-01116-JFA-PJG<br><br>**ORDER** |

       This matter is before the Court on Plaintiff's appeal (ECF No. 24) of the Magistrate Judge's Proper Form Orders denying Plaintiff's request for appointment of counsel (ECF No. 11) and requiring Plaintiff to bring his case in proper form (ECF No. 18). For the reasons discussed below, the Court overrules Plaintiff's objections.

       Plaintiff filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). On April 9, 2020, the Magistrate Judge issued a Proper Form Order recognizing that Plaintiff has filed multiple lawsuits against many of the same defendants involving substantially the same claims. The Magistrate Judge directed Plaintiff to file an amended complaint consolidating his claims and the respective Defendants in the instant case by April 30, 2020. (ECF No. 5). On April 23, 2020, Plaintiff filed his amended complaint in which he seeks appointment of counsel and a hearing.

       On May 15, 2020, the Magistrate Judge filed a Proper Form Order denying Plaintiff's request for appointment of counsel. On May 18, 2020, Plaintiff filed a motion to proceed in forma

pauperis. On June 4, 2020, the Magistrate Judge filed a Proper Form Order granting Plaintiff's motion to proceed in forma pauperis and directing Plaintiff to file a summons and forms USM-285.

On June 22, 2020, Plaintiff filed an appeal of the Magistrate Judge's Proper Form Orders. In the appeal, Plaintiff makes the following objections:

(1) Objection and appeal to district judge of Magistrate Judge's Order denying motion for appointment of counsel.

(2) Objection and appeal to district judge of Magistrate Judge ignoring Plaintiff's request for a hearing to cure any filing defects.

(3) Objection and appeal to the district judge of Magistrate Judge delays prejudicing Plaintiff in imminent danger proceedings.

(4) Objection and appeal to the district judge of Magistrate Judge's Order directing Plaintiff to file documents already filed.

After a careful review of the record in this case, the Court concludes that the orders objected to are not clearly erroneous or contrary to law.

Review of a Magistrate Judge's decision on non-dispositive matters, such as discovery, is deferential, and a Magistrate Judge's Order on such issues will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); *Owens v. Stirling*, No. 015MC00254TLWPJG, 2016 WL 3397586, at 2 (D.S.C. June 21, 2016). A decision "is clearly erroneous when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

In the first objection, Plaintiff objects to the Magistrate Judge's denial of his request for counsel. However, the Magistrate Judge is correct that there is no right to counsel in civil cases. *See Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the Court may use its discretion to appoint counsel to represent an indigent in a civil action, such discretion "should only be allowed in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1979). Whether exceptional circumstances are present depends on the type and complexity of the case, and the pro se litigant's ability to prosecute it. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989). Plaintiff argues that his lack of knowledge of the legal system, financial status, and conditions of confinement present exceptional circumstances to warrant approval of his request for counsel.

Plaintiff's argument is not exceptional or unique. Poverty, legal unsophistication, and lack of education are circumstances encountered by many prisoners who are nonetheless capable of filing suits without assistance of counsel. Moreover, Plaintiff's frequent and lengthy filings belie the assertion that his lack of legal education prevents him from properly prosecuting this action without assistance of counsel. Therefore, the Court overrules this objection.

In the second objection, Plaintiff objects to the Magistrate Judge ignoring Plaintiff's request for a hearing. Plaintiff argues he has been attempting to prosecute imminent danger suits against Federal Correctional Institution Estill since March 18, 2020. He argues that he has "repeatedly sought a hearing to cure any filing defects." Further, he asserts that the Magistrate Judge wrongly denied him a hearing and provided him a short timeframe, fourteen days, to amend the filings. At this early stage in the proceedings, the Court agrees with the Magistrate Judge that a hearing is unnecessary for Plaintiff to follow the Magistrate Judge's instructions to amend the defects in the pleadings. Additionally, the Court finds that the Magistrate Judge's Order providing

Plaintiff with fourteen days to amend his pleadings is proper and standard in all cases. Therefore, the Court overrules this objection.

In the third objection, Plaintiff objects to the Magistrate Judge's "clerical and or Magistrate Judge delays prejudicing Gorbey in imminent danger proceedings." (errors in original.) Plaintiff argues that no action has been taken on his complaint and that he is still being told to cure filing defects. Additionally, he argues the Magistrate Judge has abused her power by directing him to file an amended complaint which resulted in his other cases being closed. The Magistrate Judge provided Plaintiff with the opportunity to file an amended complaint so that all his claims against each respective Defendant could be presented in one action. The Magistrate Judge's Order was in accordance with public policy favoring conservation of judicial resources and efficiency in adjudicating cases. The Court finds Plaintiff's objection is without merit. Therefore, the Court overrules this objection.

As for the fourth objection, Plaintiff does not address this objection in his argument. The objection referred to the Magistrate Judge's Order directing Plaintiff to file documents which he previously filed. The Court finds the Magistrate Judge's Order requiring Plaintiff to complete summonses and forms USM-285 not in error or contrary to the law. Therefore, the Court overrules this objection.

Accordingly, the Court denies Plaintiff's appeal and overrules his objections. (ECF No. 24). The Court affirms the Magistrate Judge's Proper Form Orders. (ECF No. 5, 11, & 18). This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

August 5, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge