IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael S. Owl Feather-Gorbey, | ) | C/A No. 0:20-1116-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Assistant Warden Crickard; Commissary Staff Duerk; Counselor Platts; Nurse Chambers; Nurse Ulmer; Unit C-B Team Mansfield; Officer Mastro; Lt. Barnett; Lt. Shaffield; C Unit Manager Smith; Counselor CA Levant; Warden Mackelburg; the United States, *U.S. DOJ D.C.*, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Michael S. Owl Feather-Gorbey, a self-represented federal prisoner, filed this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to revoke Plaintiff's *in forma pauperis* status.[1] (ECF No. 42.) Plaintiff filed two responses in opposition to the defendants' motion, (ECF Nos. 44 & 45), and the defendants filed a supplement to their motion, (ECF No. 49). Having carefully reviewed the parties' submissions, the court concludes that the defendants' motion should be denied.

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding

---

[1] The defendants also move to stay this matter pending the resolution of the motion to revoke. (ECF No. 43.) The defendants' motion to stay is granted. This matter is stayed pending the District Judge's disposition of the defendants' motion to revoke.

with the lawsuit. See generally McLean v. United States, 566 F.3d 391 (4th Cir. 2009). However, under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner who has filed three actions or appeals in a United States Court that was dismissed as frivolous, malicious, or for failure to state a claim is barred from proceeding *in forma pauperis* unless the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020). Dismissals that fall into any of these categories count as a "strike" under the PLRA, and the prisoner may not proceed *in forma pauperis* in federal court once he accrues three strikes unless he can meet the imminent danger exception of § 1915(g).

At the time he filed this case, Plaintiff had not accrued any strikes in the District of South Carolina, and the court was unaware that Plaintiff had previously accrued strikes in other courts.[2] The court granted Plaintiff's motion to proceed *in forma pauperis* that he filed in response to the court's order to bring this case into proper form. (ECF Nos. 11 & 18.) The defendants now argue that Plaintiff's *in forma pauperis* status should be revoked because Plaintiff has accrued twenty-five strikes in civil actions across various United States Courts and because Plaintiff was not in imminent danger of serious physical injury at the time he filed the Complaint or moved to proceed *in forma pauperis*. Specifically, the defendants argue that Plaintiff seeks to remedy harms that have already occurred, and therefore, any danger to Plaintiff is not imminent and has no nexus to his claims. The court disagrees.

"[A]llegations of imminent danger in the [*in forma pauperis*] application must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'r of Soc. Sec. Admin.,

---

[2] Since then, the court denied Plaintiff's request to proceed *in forma pauperis* in another case that was transferred to this court from the United States District Court for the District of Columbia, based on Plaintiff's having accrued three strikes in that court. See C/A No. 0:20-1911.

801 F. App'x 90, 96 (4th Cir. 2020) (declining to adopt a test for determining when an imminent danger has a nexus to the allegations of the complaint); see also Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (stating that the requisite imminent danger of serious physical injury must exist at the time the complaint is filed because the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Here, Plaintiff plainly asserts the threats to his safety are ongoing and he seeks relief that could remedy that ongoing threat of harm.³ Plaintiff alleges in the Amended Complaint that some of the defendants, who are prison guards or officials, allow other prisoners to enter his cell and assault him and then cover up the assaults when Plaintiff complains or protests. (Am. Compl., ECF No. 7 at 2.) Plaintiff claims this has happened more than once and remains a likely occurrence, especially after Defendant Crickard openly discussed Plaintiff's history with other inmates, which increased those inmates' animosity toward Plaintiff that threatens Plaintiff's safety. (Id. at 3, 5-6.) Plaintiff claims that some of the defendants are working with prison gangs that are hostile to Plaintiff and are sharing Plaintiff's complaints with those gangs which further makes another attack on Plaintiff more likely. (Id. at 7.) Plaintiff also claims that as part of the defendants' cover-up of the assaults, he is denied medical treatment for his injuries. (Id. at 4-5.) Plaintiff seeks injunctive relief that will end the threats of violence against him. (Id. at 21.) The defendants provide no explanation why Plaintiff's request for injunctive relief to prevent attacks against him has no nexus to the imminent danger he asserts. Accordingly, Plaintiff has plausibly

---

³ The court notes Plaintiff is no longer an inmate in the federal prison from which his claims arise, but the parties do not address whether the transfer to a different facility would moot Plaintiff's claim of imminent danger.

demonstrated that a nexus exists between the imminent danger he asserts and his underlying claims.

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion to revoke Plaintiff's *in forma pauperis* status be denied. (ECF No. 42.)

October 20, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).