IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S. Owl Feather-Gorbey, <br><br> Plaintiff, <br><br> v. <br><br> Assistant Warden Crickard; Commissary Staff Duerk; Counselor Platts; Nurse Chambers; Nurse Ulmer; Unit C-B Team Mansfield; Officer Mastro; Lt. Barnett; Lt. Shaffield; C Unit Manager Smith; Counselor CA Levant; Warden Mackelburg; the United States, U.S. DOJ D.C., <br><br> Defendant. | C/A No.: 0:20-cv-01116-JFA-PJG <br><br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Michael S. Owl Feather-Gorbey ("Plaintiff" or "Gorbey"), a self-represented federal prisoner, filed this action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 51). The Report recommends that the motion to revoke Plaintiff's *in forma pauperis* status be denied. (*Id.*). The Report sets forth the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Defendant timely filed objections to the Report. (ECF No. 53). Therefore, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal

authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

Plaintiff has sued twelve (12) individual federal employees of the Federal Bureau of Prisons, as well as the United States of America ("Government" or "Defendant"). The Government moved to revoke Gorbey's *in forma pauperis* (IFP) status pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). (ECF No. 42).

In the Report, the Magistrate Judge notes that at the time IFP status was granted, the court was unaware Plaintiff had previously accrued strikes in other courts. (ECF No. 51). The Magistrate Judge recommended denial of the motion to revoke based upon Plaintiff's assertions that threats to his safety are ongoing, and the fact that he seeks injunctive relief that could remedy the ongoing threat of harm. (*Id.* at 3). The Government objected to this

finding, asking the Court to reject the Report and to revoke Plaintiff's IFP status in whole, or at least as to the claims for monetary damages pursuant to *Bivens*.[2] The Government filed specific objections on the basis that the Report addresses only Plaintiff's requests for injunctive relief and does not address Plaintiff's First and Fourteenth Amendment claims or his claims for damages. (ECF No. 53). Plaintiff filed objections pertaining to matters outside of the scope of the Report's recommendation, specifically, the Magistrate Judge's decision to stay this matter pending this Court's disposition of the Defendant's motion to revoke. (ECF No. 54). Accordingly, the Court need not address Plaintiff's objections.

As a threshold matter, the Court considers whether any of Plaintiff's claims have been mooted by his transfer from FCI Estill—the facility from which his claims arise. "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013). During the pendency of this case, Plaintiff has been transferred from FCI Estill, to the United States Penitentiary in Lewisburg, Pennsylvania, and subsequently to FCI, Beckley, a federal prison located in West Virginia where he is currently housed.

Plaintiff's transfer does not moot the determination by the Court with respect to whether Plaintiff should be permitted to proceed *in forma pauperis* because the imminent serious harm inquiry is determined with respect to facts existing at the time his complaint

---

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

was filed. However, Plaintiff's complaint requested both injunctive and monetary relief. (ECF No. 7). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). Therefore, Plaintiff's claims for injunctive relief are moot and the Court lacks jurisdiction to adjudicate those claims. By contrast, the request for monetary relief is not moot because Plaintiff retains a legally cognizable interest in the outcome of the case. *See Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005).

Having determined Plaintiff's Eighth Amendment injunctive claims are moot, the Court is left to evaluate whether Plaintiff can proceed IFP as to his Eighth Amendment monetary claims and his claims under the First and Fourteenth Amendments. Accordingly, the undersigned next considers whether the allegations in Plaintiff's complaint meet the exception contained in § 1915(g) for prisoners "under imminent danger of serious physical injury."

The PLRA three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis*—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." *Id.* To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." *Meyers v. Comm'nr of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Gorbey is a prolific filer[3] who is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g). As such, he may not proceed *in forma pauperis* unless he demonstrates there was in imminent danger of serious physical injury at the time he filed his complaint and a nexus between that danger and his underlying claims. Here, Gorbey has failed to demonstrate a nexus between the danger he purportedly faced and the claims he brought. Plaintiff erroneously contends no nexus is required between the allegations of imminent danger and the claims asserted. (ECF No. 7). Regardless of Plaintiff's belief, the Fourth Circuit has clearly held, in an unpublished decision, that such a nexus is required. *Meyers*, 801 F. App'x at 96 ("[A]llegations of imminent danger in the IFP application must have

---

[3] *See, e.g., Gorbey v. Obama*, No. 7:16-cv-00455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016) (admonishing Gorbey that "[p]risoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions"; warning him "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction"; and noting that Gorbey has filed at least "twenty-five cases that qualify as strikes under 28 U.S.C. § 1915(g)" (as to the last point citing *Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms. & Explosives, et al.*, No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012))).

some nexus or relation to those of the underlying complaint. All our sister circuits to have addressed this matter are in agreement."). The Government argues the Court should revoke Plaintiff's IFP status because his allegations fail to establish imminent danger and because those allegations lack an adequate nexus to his underlying claims. The Court concurs in the second point and, accordingly, has no need to address the first.

Plaintiff's remaining claims bear no relationship at all to the dangers alleged. His monetary claims neither address the conditions of his confinement nor aim at preventing the future harms he purportedly faced. Even if Plaintiff were entirely successful in pursuing these claims, moreover, the possibility that the judicial relief he would receive would redress the imminent danger he asserts is entirely speculative. Because Gorbey's claims do not seek "to obtain a judicial remedy *for* an imminent danger," *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (emphasis added), they lack even a minimal nexus to the harms alleged and, accordingly, cannot support Gorbey's IFP status.

Lastly, the Court observes that Gorbey has previously raised similar imminent danger claims, and that he has been repeatedly rebuffed by the courts, which have found that these allegations do not show imminent danger of serious injury. *See, e.g., Gorbey v. Spaulding, et al.*, Civil Action No. 3:20-cv-1457, 2020 WL 6787493, at *2 (M.D. Pa. Nov. 17, 2020) (finding that Gorbey failed to sufficiently show an imminent threat for purposes of the PLRA strike provision with respect to claims that he was entitled to a lower bunk assignment, failed to receive proper medical treatment, and was not provided adequate accommodations to practice his religion); *Gorbey v. Gass, et al.*, Civil Action No. 3:20-cv-1050, 2020 WL 6107049, at *2-3 (M.D. Pa. Oct. 15, 2020) (holding, *inter alia*, that Gorbey

failed to meet the imminent danger exception to § 1915(g)'s three-strikes rule based on claims that he was assigned to a top bunk, received inadequate medical care, and lack of duress buttons in inmate cells); *Owl Feather-Gorbey v. United States, et al.*, Civil Action No. 1:20-cv-2401, 2020 WL 6144568, at *1 (D.D.C. Sept. 29, 2020) (holding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical harm); *Gorbey v. Mubarek*, *et al.*, Civil Action No. 1:19-cv-220, 2019 WL 5593284, at *3-6 (D. Md. Oct. 30, 2019) (finding, *inter alia*, that Gorbey's allegations related to his arm injury, front-cuffing, medical treatment, and staff-encouraged violence did not create an imminent danger to his safety); *Gorbey v. Dunbar*, *et al.*, Civil Action No. 1:18-cv-2754, 2019 WL 5339607, at *7 (D. Md. April 24, 2019) (holding, *inter alia*, that Gorbey failed to establish that he was in imminent danger of harm based on claims that he was entitled to a lower bunk and failed to receive adequate medical treatment for past injuries), aff'd, 787 F. App'x 824 (4th Cir. 2019).

Upon thorough review of the filings in this action, the Court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three-strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full.

## IV. CONCLUSION

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. For the reasons stated herein, the Court respectfully declines to adopt the Report and Recommendation. Plaintiff's Eighth Amendment injunctive claims are dismissed as moot. With respect to Plaintiff's remaining claims, Defendant's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 42) is granted. The matter is recommitted to the Magistrate Judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

May 5, 2021                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge