IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S. Owl Feather-Gorbey,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Assistant Warden Crickard; Commissary Staff Duerk; Counselor Platts; Nurse Chambers; Nurse Ulmer; Unit C-B Team Mansfield; Officer Mastro; Lt. Barnett; Lt. Shaffield; C Unit Manager Smith; Counselor CA Levant; Warden Mackelburg; the United States, U.S. DOJ D.C.,<br><br>　　　　　Defendant. | C/A No.: 0:20-cv-01116-JFA<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Michael S. Owl Feather-Gorbey ("Plaintiff" or "Gorbey"), a self-represented federal prisoner, filed this motion for reconsideration, or in the alternative, as a habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 83). For the reasons set forth below, Plaintiff's motion is hereby denied.

First, the motion is untimely. On May 6, 2021, the Court issued a memorandum opinion and order granting the United States' motion to revoke Plaintiff's *in forma pauperis* status. (ECF No. 69). Additionally, the Court dismissed Plaintiff's Eighth Amendment injunctive claims as moot. *Id.* "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the motion for reconsideration was filed on July 9, 2021, more than two months after the Court's entered its Order. Accordingly, the motion is late.

Second, this Court lacks jurisdiction to consider the issues raised in the motion. On May 19, 2021, Plaintiff filed a notice of appeal (ECF No. 75) seeking appellate review of the Court's May 6, 2021 Order (ECF No. 69). The filing of the notice of appeal divested this Court of jurisdiction over the issue Plaintiff seeks to have reconsidered, that is, whether the Court properly revoked Plaintiff's *in forma pauperis* status. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.").

Further, to the extent that the motion for reconsideration is treated as a petition under 28 U.S.C. § 2241, the Court lacks jurisdiction over the petition because Plaintiff is not incarcerated in South Carolina. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004) (providing that jurisdiction over a habeas petition "lies in only one district: the district of confinement"). Plaintiff is presently incarcerated at FCI Beckley in West Virginia. On April 17, 2020, he was transferred from Estill, South Carolina, to Lewisburg, Pennsylvania. The disciplinary proceedings Plaintiff now seeks to challenge occurred after he arrived in Pennsylvania. (ECF No. 83 at 3). The motion for reconsideration was filed on July 9, 2021, during the time Plaintiff was confined in West Virginia. Accordingly, even if the motion is construed as a habeas petition, the Court lacks jurisdiction to decide the petition.

For these reasons, the motion for reconsideration (ECF No. 83) is denied.

IT IS SO ORDERED.

August 17, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge