IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S. Owl Feather-Gorbey,<br><br>        Plaintiff,<br><br>vs.<br><br>Assistant Warden Crickard; Commissary Staff Duerk; Counselor Platts; Nurse Chambers; Nurse Ulmer; Unit C-B Team Mansfield; Officer Mastro; Lt. Barnett; Lt. Shaffield; C Unit Manager Smith; Counselor CA Levant; Warden Mackelburg; the United States, *U.S. DOJ D.C.*,<br><br>        Defendants. | C/A No. 0:20-cv-1116-JFA-PJG<br><br>**ORDER** |

  Michael S. Owl Feather-Gorbey, ("Plaintiff") a self-represented prisoner, brings this action for violations of his constitutional rights and seeks both injunctive and monetary relief pursuant to 42 U.S.C. § 1983 and a *Bivens* action.[1] (ECF No. 7). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

  This Court found that Plaintiff's injunctive relief claims were moot; therefore, the Court lacked jurisdiction to adjudicate those claims. (ECF No. 69).[2] On May 6, 2021, this Court granted defendants' motion to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). (ECF No. 69). Accordingly, Plaintiff was directed to pay the filing fee for this case within fourteen

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] "As a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). Here, Plaintiff has been transferred from FCI Estill, to the United States Penitentiary in Lewisburg, Pennsylvania, and subsequently to FCI Beckley, a federal prison in West Virginia.

1

days. (ECF No. 73). The Magistrate Judge notified Plaintiff that failure to pay the filing fee would result in the dismissal of his case for failure to prosecute and failure to comply with an order of the court pursuant to Federal Rule of Civil Procedure 41. (ECF No. 73).

Subsequently, Plaintiff filed a notice of appeal as to the revocation of his *in forma pauperis* status. (ECF No. 75). The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal pursuant to Local Rule 45 and Federal Rules of Appellate Procedure 41(a). (ECF No. 89). Plaintiff has failed to pay the filing fee or to file a response.

After reviewing the motions and responses thereto, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report").[3] (ECF No. 90). Within the Report, the Magistrate Judge opines that this action should be dismissed without prejudice in accordance with Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. *Id.*

Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 9, 2021. *Id*. The Magistrate Judge required objections, if any, to be filed by September 23, 2021. *Id.* Plaintiff failed to file objections or otherwise respond to the motion for summary judgment. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific provisions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to

---

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that this case should be dismissed without prejudice pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrates Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 90). Consequently, this matter is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Given this dismissal, Plaintiff's motion for a hearing (ECF No. 56) and motions to amend the pleadings (ECF Nos. 57 &61) should be terminated as moot.

IT IS SO ORDERED.

September 28, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge